# CHARLESTON.

## WISE *et al. v.* TAYLOR *et al.*

Submitted January 25, 1898—Decided March 26, 1898.

1. DEED OF TRUST—*Liens—Priority of Liens—Equity of Redemption.*

Where the owner of real estate has executed a valid deed of trust upon the same to secure the payment of a loan (which is evidenced by note or bond) contracted to be paid in installments, which have not yet matured, when a creditor obtains a judgment against the grantor in said trust deed, and proceeds to enforce his judgment lien in a court of equity, he can only subject the equity of redemption; and the court has no power to change the

terms and conditions of the deed of trust as to the maturity of the loan thereby secured.    (p. 497).

Appeal from Circuit Court, Summers County.

Suit by L. Wise's Sons against R. J. Taylor and others to marshal liens.    From the decree, defendant the Baltimore Building & Loan Association appeals.

*Reversed.*

A. R. HEFLIN, J. W. ARBUCKLE, and J. J. SWOPE, for appellant.

MILLER READ, for appellees.

ENGLISH, JUDGE:

R. J. Taylor was the owner of a house and lot situated in Upper Hinton, which was unincumbered; and on the 18th day of January, 1895, he borrowed from the Baltimore Building & Loan Association, of Baltimore (a corporation), the sum of five hundred and fifty dollars, and executed to George D. Haynes, trustee, a deed of trust to secure the payment of said loan, which was evidenced by the bond of said R. J. Taylor and Anna J. Taylor, his wife, bearing even date with said deed, which sum was to be paid in monthly installments, in accordance with the conditions of said bond and the covenants and stipulations of said deed, in eighty-four monthly payments, including the interest thereon.    On March 14, 1895, L. Wise's Sons recovered judgment against R. J. Taylor for one hundred and seventeen dollars, before a justice, and had it docketed, and on June 5, 1895, brought a chancery suit against said R. J. Taylor and others to subject the real estate of said Taylor to the payment of their judgment lien; making said Building and Loan Association and said George D. Haynes, trustee, parties thereto.    The cause was referred to a commissioner, who ascertained and reported the liens upon said real estate, and their priorities.    Said Building and Loan Association demurred to the plaintiff's bill, and answered, admitting the allegations of the bill as to the execution of the deed of trust by R. J. Taylor and Anna J. Taylor, his wife, to George D. Haynes, trustee, to secure said sum of five hundred and fifty dollars, as evidenced by bond dated Jan-

uary 18, 1895, a copy of which was exhibited with the answer; denied any knowledge of the other debts set up by plaintiffs' bill and called for proof of their existence; denied that said R. J. Taylor was insolvent when said deed of trust was made; claimed that said deed of trust was executed for a *bona fide* loan of money at the time, and that the same was a good and valid debt and lien upon said lot in every particular, and could not be affected by any claim or lien undertaken to be set up by the plaintiffs. The defendant also denied that plaintiffs could force said lot to sale, and compel it to take its money in any other manner or upon any other terms and conditions than those set out in said deed of trust of January 18, 1895. The commissioner reported the following liens against the real estate of said R. J. Taylor, in the order of their priorities: First, said debt in favor of the Baltimore Building & Loan Association, six hundred and nine dollars and sixty-nine cents; second, two notes due William Prince, secured on said lot in Upper Hinton and certain property in Alderson, W. Va., aggregating one thousand, one hundred and fifty-eight dollars and forty-five cents; third, a judgment in favor of Eskew & Ewers amounting to twenty-three dollars and forty-one cents; fourth, a judgment in favor of plaintiffs amounting to one hundred and twenty-six dollars and two cents; fifth, a judgment in favor of E. Chase Bare amounting to forty-one dollars and ninety-two cents. The plaintiffs, L. Wise's Sons, excepted to said commissioner's report because the commissioner included in the debt of the Baltimore Building & Loan Association an attorney's fee of twenty-five dollars, as part of the association's lien against the estate of R. J. Taylor. The only depositions taken in the cause were taken by the commissioner, and were confined to the proof of the value of the real estate owned by the defendant R. J. Taylor and his wife, and the locality of the same. On the 21st day of February, 1896, a decree was rendered in said cause sustaining the exceptions of the plaintiffs to the commissioner's report, holding that the Baltimore Building & Loan Association was not entitled to the attorney's fee of twenty-five dollars reported in said commissioner's report as part of the lien of said defendant; confirming said report in all other respects;

and decreeing that said Building and Loan Association re-
cover of the defendant R. J. Taylor the sum of five hund-
red and eighty-four dollars and sixty-nine cents with in-
terest thereon from the 11th day of February, 1896, till
paid; and holding the same to be the first lien against said
lot, sixty-two by sixty-eight feet, in Upper Hinton, owned
by R. J. Taylor; and proceeding to decree for the other
liens reported in said commissioner's report, according to
the amounts and priorities therein stated, against said lot;
holding, further, that said Building and Loan Association
was not entitled to have the real estate of the said R. J. Tay-
lor sold subject to said association's debt above described,
nor to have the same sold subject to the provisions and
terms of the trust deed executed by R. J. Taylor and wife
to George D. Haynes, trustee, set up and described in
plaintiffs' bill; and, proceeding to decree, directed that,
unless the defendant R. J. Taylor paid off the several liens
recovered within thirty days from the rising of the court,
certain special commissioners therein named should, after
advertising said lot as therein directed, proceed to sell the
same for cash sufficient to pay costs of suit and expenses
of sale; and, as to the residue, upon three equal install-
ments, payable in six, twelve and eighteen months from
day of sale; the purchaser executing his interest-bearing
bonds, with approved personal security, for the deferred
purchase money, and the title to be retained until the pur-
chase money is paid; and in the event the purchase money
arising from the sale of said lot should not be sufficient to
pay off said liens, etc., directing said commissioners to sell
the real estate of the defendant Anna J. Taylor, situated
in the town of Alderson, to be applied first to the satisfac-
tion of the debt due William Prince. And from the de-
cree the Baltimore Building and Loan Association obtained
this appeal.

It is claimed that the court erred, first, in sustaining the
exception of plaintiffs, L. Wise's Sons, to the commis-
sioner's report allowing an attorney's fee of twenty-five
dollars to it, which was reported by the commissioner in
pursuance of petitioner's contract with R. J. Taylor, and
that, if the latter did not complain, L. Wise's Sons could
not. The second assignment of error claims that the

court erred in determining that the whole of the debt due the Baltimore Building & Loan Association was, at the date of the decree, due and payable, and entering a decree for the recovery, and refusing to decree a sale to satisfy this lien and debt, which the court, by its decree, said was due, payable, and the first lien on the real estate, and yet held in the same decree that it was not entitled to sell the property. Now, in considering these two assignments of error, it is proper to examine first the condition of the title to the property sought to be subjected at the time the plaintiffs' bill was filed. The legal title to the lot was then in the trustee, George D. Haynes; and R. J. Taylor, against whom the plaintiffs had obtained their judgment, was only entitled to the equity of redemption. It is true, the plaintiffs pray that said real estate be sold, and the judgment aforesaid be paid, out of the proceeds, according to its dignity and priority. There is no question raised by the pleadings, in any manner, in reference to the validity of the trust lien of said Building & Loan Association, and none of the conditions upon which the loan was made by said association to the defendant Taylor are in any manner attacked. The cause was properly referred to a commissioner, to ascertain the liens thereon, and their priorty; and, when the report was returned, the plaintiffs excepted thereto because the commissioner, in stating the amount of said association's lien, included twenty-five dollars as attorney's fees,—something which said Taylor contracted for on the face of the trust deed, which contract was one of the conditions of said trust, which existed before the plaintiffs acquired their judgment lien, or were in any manner interested in the property. At the time the plaintiffs obtained their judgment lien, the defendant Taylor being, as before stated, only the owner of the equity of redemption, the right to subject the equity of redemption only accrued to the plaintiffs by reason of their judgment lien; and that was all they had a right to subject to sale. So in the case of *Curry* v. *Hill* 18 W. Va., 370 (fifth point of syllabus), it was held that, "where the amount of the prior liens is certain and ascertained, the sale of the equity of redemption is proper." See, also, *Shurtz* v. *Johnson*, 28 Grat. 657 (second point of syllabus). Now, the

question raised by said second assignment of error is, in substance, whether the Baltimore Building & Loan Association is entitled to the benefit of its trust lien, upon the conditions and stipulations set forth in said deed, without interruption or interference on the part of creditors acquiring subsequent judgments against the defendant R. J. Taylor, or will a court of equity permit parties acquiring such subsequent judgment liens, by making said Building and Loan Association a party, and without any allegation as to said Association other than that the defendant Taylor and his wife on January 18, 1895, conveyed to said George D. Haynes, trustee, said property in trust to secure said debt of five hundred and fifty dollars, with interest from the date of said loan (exhibiting a copy of said trust deed), to alter and change the contract between said Taylor and said Association, and direct that, unless Taylor shall pay the debt secured by the trust deed in thirty days from the rising of the court, the entire property shall be sold by special commissioners upon a credit of six, twelve, and eighteen months; the debt of said Association to be satisfied, as holding the first lien thereon. In the absence of any allegation of fraud or illegality in the contract in the trust deed, or the bond thereby secured, the court surely had no authority to alter the contract between said parties, and require the entire debt secured by said trust deed to be paid by Taylor, with its accrued interest in thirty days, or to have said lot sold to satisfy the same. This would be making a new contract for the parties, and enforcing the same, when no reason whatever has been alleged or shown for setting aside the old one.

Returning to the question as to the right acquired by the plaintiffs as judgment lienors, this Court has held, in the case of *Pack* v. *Hansbarger*, 17 W. Va., 314 (third point of syllabus), that; "Where statute enactments do not interfere, a judgment creditor can acquire no better right to the estate of the debtor than the debtor himself has when the judgment is recovered. He takes it subject to every liability under which the debtor held it, and subject to all the equities which exist in favor of third parties; and a court of equity will limit the lien of the judgment to the actual interest which the debtor has in the estate." See, also,

*Snyder* v. *Martin*, 17 W. Va., 276 (seventh point of syllabus), where the same is held. See, also, Wiltsie, Mortg. Forec. § 116, p. 257, where the author says: "A decree of sale can generally have no effect upon the rights of prior lienors, whether they are made parties to the action or not;" citing *Smith* v. *Roberts*, 91 N. Y. 470, 477. Pomeroy, in his valuable work on Equity Jurisprudence (2d Ed., vol. 2, § 685), in speaking of the lien of a judgment, says: "The lien of a judgment is analogous to the claim of a donee. It is general, not specific. The beneficiary under a trust, the vendee under an agreement, the holder of a lien created by a contract *in rem*, deals concerning a specific thing. He parts with the consideration upon the security of that specific thing. The judgment creditor has not dealt with that specific thing. He has not parted with value in contemplation of it. His lien is general, and not confined to it. It is just, therefore, that, so far as their intrinsic natures are concerned, his claim should be considered as inferior to the interest arising from a trust, or from a contract *in rem*. His lien only extends to what his debtor really has; that is, to the thing, subject to all the equities in it existing at the date of the judgment." The above, as I think, states correctly and concisely the right acquired by a judgment creditor with reference to an antecedent, *bona fide*, trust lien, and supports fully the position contended for in this opinion,—that a party acquiring a judgment lien on real estate cannot in any manner interfere with the rights acquired by a party holding an antecedent, *bona fide* unsatisfied trust lien on the same property. For these reasons my conclusion is that the circuit court erred in directing a sale, under the circumstances, of said house and lot in Hinton, to satisfy the amount found due said Building and Loan Association by the commissioner, unless the amount was paid by the defendant R. J. Taylor within thirty days from the rising of the court. The plaintiffs' judgment lien was on the equity of redemption, and in enforcing their judgment lien they could not disturb the conditions and terms of the prior lien by compelling the party holding it to receive the amount thereby secured at an earlier day than that provided for by his contract, and the terms of its trust deed.

The decree complained of is therefore reversed, and the cause remanded, with costs to the appellant.

*Reversed.*