# CHARLESTON.

## HALL v. HYER et al.

### Decided December 1, 1900.

1. **WIFE'S PROPERTY**—*Improvements on by Solvent Husband.*

   A solvent husband puts improvements on his wife's separate property to the amount of one thousand one hundred dollars. Then she, as his surety joins in a deed of trust on such property to secure his individual indebtedness to an amount in excess of one thousand one hundred dollars. Former creditors of the husband cannot attack such property because of the gift of the improvements by the husband to the wife, so long as such trust debt remains unpaid by the husband, and the wife is liable for the same, as such trust debt unpaid is equivalent to a revocation of the gift. (p. 355).

2. **TRUST LIEN**—*Husband and Wife—Wife Protected.*

   Where a deed of trust to secure a husband's individual indebtedness binds the property of both wife and husband, a court of equity will protect the interest of the wife as surety for her husband, and will compel a sale and application of the husband's interest or property first, if the same can be done without substantially prejudicing the rights of the trust creditor. (p. 357).

3. **WIFE'S PROPERTY**—*Subsequent Creditor—Priority—Sale.*

   Subsequent lien creditors cannot compel the sale of the wife's property to pay the husband's debt, for whch she is surety, so as to give them the benefit of the husband's property. If her property is taken to pay a prior lien against her husband, for which she is surety, she is entitled to be subrogated thereto as against subsequent lien creditors. (p. 357).

4. SEPARATE PROPERTY—*Not Liable for Husband's Debts.*

　　A married woman's separate property is not subject to the control of her husband, nor liable for the payment of his debts, and a court of equity will protect her rights.

Appeal from Circuit Court, Braxton County.

Suit by B. P. Hall, administrator, against George T. Hyer and others. Decree for plaintiff. Defendants Hyer appeal.

*Reversed.*

JAMES B. FOWLER, for appellants.

HINES & KELLEY, for appellee.

DENT: JUDGE:

The appeal of George T. and Lona Hyer, in the case of B. P. Hall, admr., against George T. Hyer & Co., from the circuit court of Braxton County, although many unimportant errors are assigned, presents but two questions for the consideration of this Court.

1st. Was the property of Mrs. Hyer given to her by her father and known as lot No. 8, liable to the plaintiff's debt by virtue of improvements put thereon by her husband?

2d. Should her husband's one-half undivided interest in the tract of thirty-one acres of land owned by them jointly and his lot No. 44 be first subjected to the deed of trust thereon due the Baltimore Building and Loan Association, before and to the relief of her undivided interest in such land, she having joined in the trust deed.

The facts are as follows: "About 1896, G. T. Hyer and A. L. Morrison formed a partnership under the name of G. T. Hyer & Co., for the purpose of carrying on a mercantile business at the town of Sutton in Braxton County. They continued in business for about two years when they sold out the 15th of March, 1898. The social assets at this time were estimated to be fifteen thousand dollars and liabilities nine thousand five hundred dollars. Morrison took possession of the assets and proceeded to settle up the business. He paid to Hyer one thousand five hundred dollars as his share of the capital stock, and agreed to pay all the liabilities of the firm. This he was proceeding to do, and had reduced the indebtedness to less than one thousand dollars when the plaintiff becoming impatient obtained a judgment

on his demand against the firm amounting to the sum of three hundred and three dollars and ninety-one cents, had an execution issued thereon, and returned no property found, and immediately, to-wit: on the first Monday in October, 1898, instituted a chancery suit to sell the real estate of the appellant George T. Hyer for the purpose of enforcing his judgment lien. Among other things he alleges that shortly after his indebtedness was contracted the said Hyer with intent to delay, hinder and defraud his creditors put valuable improvements amounting to about three thousand dollars on his wife's, Lona Hyer's, lot No. 8, and asks that such lot be subjected to the payment of his judgment by reason thereof. He neither alleges the insolvency of the firm or of either member thereof, but leaves this to be conjectured from the return of execution no property found. The defendants answered the bill denying the fraud charged, admitting that the husband did put improvements on the property while plaintiff's indebtedness was in course of contraction, but not fully consummated, to the amount of about one thousand six hundred dollars, of which there was paid from Mrs. Hyer's property one hundred dollars from sale of old house, two hundred dollars from sale of part of her lot to the M. E. Church, one hundred and twenty-nine dollars and forty-five cents for board of Morrison and wife, fifty dollars from rent of old building, and forty dollars from sale of a horse given to her by her husband, amounting to five hundred and nineteen dollars and forty-five cents, that the residue was paid out of the store and charged to Mrs. Hyer's account and paid by her husband; that she joined in a deed of trust conveying the property to secure W. H. Hyer as surety for an indebtedness of George T. Hyer to H. M. Jack amounting to about one thousand two hundred dollars, that the Baltimore Building and Loan Association trust lien on lot forty-four and the thirty-one acre tract of land was the individual debt of George T. Hyer, and also claiming that the firm of George T. Hyer & Co. was solvent and that there were sufficient assets in the hands of Morrison for the purpose and who had obligated himself to pay all the indebtedness, and that both the partners were solvent and fully able to pay all their liabilities. A reference was had to a commissioner and on the coming in of his report numerous exceptions were taken thereto. The fraud charged is clearly re-

futed and apparently abandoned, the commissioner apparently founding his report on the fact that the improvements were a voluntary gift to the wife void as to existing indebtedness. The court overruled the exceptions and confirmed the report, and then decreed that the interest of Lona Hyer in lot No. 8 was the original value of the lot, eight hundred dollars, and one hundred dollars for the old house, making her interest nine hundred dollars, and the interest of the husband by reason of the improvements thereon was one thousand one hundred dollars, and then decreed that the first lien on the lot after the payment of the costs of the suit was the trust debt to H. M. Jack amounting to the sum of one thousand one hundred and nineteen dollars and fifty cents, but that this debt, none of which was yet due, should first exhaust the interest of Mrs. Hayer in the lot before any of the improvements should be applied thereto, but this only in the event and to the extent that W. G. Hyer, who was surety for the debt, should be required to pay the same, and "that the debt decreed to plaintiff is a lien on the improvements placed on lot No. 8 aforesaid next in priority after the costs of this suit and after any amount that may be left unpaid of the five notes aforesaid after exhausting the lot aforesaid in case said notes are paid by W. G. Hayer aforesaid." The court further held the thirty-one acres and Lot No. 44 liable to the payment of the costs of the suit, next to the Baltimore Building and Loan Association debt, and then the remainder of the husband's half of the thirty-one acres and lot No. 44 to the various judgment liens against George T. Hyer & Co. The court then decreed sale of the properties to satisfy the liens. Mrs. Lona Hyer seemed to have no rights as a married woman which the circuit court under the laws made for such purposes, was bound to observe and protect, but it deliberately took her property and turned it over to her husband's creditors. The charge of fraud was denied and the evidence shows that it had no existence in fact. For at the time the improvements were put upon the property the firm of George T. Hyer & Co. were perfectly solvent and remained so up until its dissolution, and its assets were far more than sufficient to cover its liabilities. So much so that the partners considered themselves justified in dividing nearly three thousand dollars of capital stock between them. There is no allegation of insolvency, and the evidence fails to establish it. Both partners claim their willingness and

ability to pay their debts. One of them has assumed to do so and the other is relying on him to carry out his contract. The trust deed to secure W. H. Hyer as security for the Jack debt is not due or enforceable, and the court could not decree a sale on account thereof. Plaintiff's lien, if he acquired one, on said lot No. 8 either by the filing of his bill or his judgment can only affect the equity of redemption or the interest of the husband therein. *Wise et al.* v. *Taylor,* 44 W. Va. 492. The decree following the commissioner's report, found the value of this lot to be two thousand dollars, and that the wife's interest in the same was nine hundred dollars and the husband's one thousand one hundred dollars, and that the trust thereon securing the husband's debt amounted to one thousand one hundred and nineteen dollars and fifty cents, exceeding the husband's interest nineteen dollars and fifty cents, and then the court proceeds to subject the wife's interest to pay one of his creditors, and then gives the husband's interest to his other creditors. This is what the court calls marshalling. It seems more like robbing a wife of her patrimony to pay importunate creditors of her husband. The husband gave the wife one thousand one hundred dollars, and she more than gave it back to him when she became his surety and executed a deed of trust on her property. The wife has an equity prior in right to the creditors, and instead of forcing the trust over on her portion of the property the husband's should be first subjected to its satisfaction. She is only his surety, and she is entitled to substitution to all the rights of the creditor and the creditor is entitled to the benefit of the trust given to secure his surety. Marshalling can never be resorted to against the prior equity of third parties. *McClaskey* v. *O'Brien,* 16 W. Va. 791; *Miller* v. *Jacobs,* 3 Watts 437; 2 Bart. Chan. Prac., 1052, 1053; Shield Subrogation, section 34.

It might possibly be insisted that the improvements put upon the property were social funds diverted from social purposes and applied to individual uses, and that a social creditor's rights thereto were prior in equity to those of an individual creditor. There is, however, neither allegation or proof to this effect. In both bill and answer the improvements are charged and admitted to have been made by the husband from his individual property. Nor in the light of the facts could such a claim be successfully made and sustained for the reason that it clearly appears at the time of the dissolution both partners and the firm were solvent.

*Darby* v. *Gilligan,* 33 W. Va. 246. There is no attempt made to deny that George T. Hyer fully settled with the firm for any of its goods that might have gone into the improvements. So we are compelled to regard the improvements as his individually. Such being the case it is impossible to hold that he has any interest in the property that can be subjected to the payment of unsecured debts or judgments. After the wife's interest as fixed by the decree and the amount of the trust is deducted, there is nothing left for the creditors. The equity of redemption is more than valueless. In addition thereto the court did not allow Mrs. Hyer the full amount to which she was entitled. The sum of two hundred dollars received from the church for a portion of the lot was certainly her separate property, also the fifty dollars rent, if not the board and horse boot. This would swell her interest to one thousand one hundred and fifty dollars and reduce the husband's to eight hundred and fifty dollars which would render the equity of redemption unworthy of consideration. The plaintiff therefore has shown no right to subject lot No. 8 to the payment of his debt or judgment, and the decree must be reversed and this cause must be dismissed as to the same.

It is further shown and is undisputed that the debt to the Baltimore Building and Loan Association is the individual debt of George T. Hyer, and that his wife is merely his surety therefor, and joined in the trust deed on lots 44 and the thirty-one acre tract of land as such surety, and not as a principal. In the 14 Am. & En. En. Law, 701, the law is stated to be, "Wherever a person is liable to a charge which ought to be borne primarily by another person, the creditor should proceed in the first place against the person who is primarily liable or at least assign his remedy to the person secondarily liable on receiving the full amount of the demand. The creditors having two funds, equity will so marshal them as to do justice between the two debtors. In accordance with this principle if a surety is compelled to pay the debt of his principle, he is equitably entitled to be subrogated to all the rights and remedies of the creditor as against the principal debtor." Where the equitable rights of the surety may be protected without prejudicing the substantial rights of the creditors equity will require the application of the principal's property first to the satisfaction of the debt, and if possible thus entirely relieve the surety's property therefrom. *Railroad Co.* v. *Little,* 41 N. J. Eq. 519; *Moore* v. *Topliff,* 107 Ill. 241; *Bank*

v. *Parsons,* 42 W. Va. 137; *Horton* v. *Bond,* 28 Grat. 815, 825; 2 Tucker, 484.

Lot No. 44 should have first been sold to pay the Building Association lien, and if the proceeds thereof were insufficient to satisfy the same, then George T. Hyer's interest in the thirty-one acre tract of land should have next been sold to the entire relief if possible of Mrs. Hyer's moiety of such land. Nor have the creditors of George T. Hyer any right to insist on a different arrangement. Their liens are entirely limited to the interests of their debtor in these properties, and they can insist on nothing that he would not have the right do do in their absence. He certainly would not have the right to have the wife's property first sold to pay his debt. Nor can his creditors do so. *Standard Mercantile Co.* v. *Ellis* and *Farmers' Transportation Co.* v. *Swaney,* decided at this term; *Snyder* v. *Bodkin,* 37 W. Va. 355.

The decree complained of will therefore be reversed and the cause remanded for further proceedings.

*Reversed.*