# CHARLESTON.

KENNEWIG CO. v. MOORE, *et al.*

Decided March 23, 1901.

1. DEED—*Defective Acknowledgment—Recordation.*

   A simple contract creditor cannot attack the recordation of a deed in equity because the acknowledgment thereof is defective. (p. 325).

2. CONVEYANCE—*Recordation—Limitation.*

   A year having elapsed since the execution and recordation of a preference in favor of a creditor given by the debtor, equity cannot interfere with such preference, although the effect thereof is to defeat other creditors from realizing anything on their debts. (p. 325).

3. APPEAL—*Finding of Circuit Court.*

   This Court will not reverse the finding of the circuit court unless it is decidedly against the weight of the evidence. (p. 325).

4. BILL FAILS—*Relief of Co-Defendants.*

 Where the relief sought in a bill fails for want of proof, no relief can be administered between co-defendants on answer filed praying it, but such answer must be dismissed with the bill, without prejudice to the rights of the defendants as between themselves. (p. 326).

·Appeal from Circuit Court, Tucker County.

Bill by the Kennewig Company against John W. Moore and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

CUNNINGHAM & STALLINGS, for appellant.

A. JAY VALENTINE, for appellees.

DENT, JUDGE:

. The Kennewig Company appeals from a decree of the circuit court of Tucker County in a chancery cause wherein it was plaintiff and John W. Moore, Jr., and others were defendants, dismissing its bills as unsustained by the evidence.

The bills, being a bill and amended bill, were filed for the following purposes:

First: To have a certain deed executed by John W. Moore, Jr., to the Hendricks Company (Limited) declared void as an illegal preference in favor of the grantee and a trust in favor of all Moore's creditors.

Second: To have such deed held to be fraudulent and void as to such creditors.

Third: To have such deed held to be a mortgage, and the equity of redemption liable to the plaintiff's deft.

Fourth: To have such deed declared void for the reason that the acknowledgment thereto was taken by J. E. Poling, who was a stockholder, manager, and officer of the Hendricks Company (Limited), the grantee therein.

In so far as the first ground is concerned, the remedy is barred by limitation, as the suit was not instituted until more than a year after the deed was executed, and admitted to record. Section 2, chapter 74, Code.

In so far as the fourth ground is concerned, the plaintiff being a simple contract creditor without lien or claim by judgment, purchase or otherwise, has no equitable right to attack

such deed because of the defective acknowledgment thereof. *Johnson* v. *Riley,* 41 W. Va. 140.

In so far as the third ground is concerned, the equity of redemption is not shown to be of any value, and there is no offer made to pay off and satisfy the prior debts secured by such deed treated as a mortgage.   A court of equity may sell the equity of redemption subject to the prior mortgage.   *Wise* v. *Taylor,* 44 W. Va. 492.   But if such equity of redemption is worthless, owing to the property being mortgaged to its full value, there is nothing for the court to sell, and equity never does a useless thing.   The party complaining may redeem the property from the prior incumbrance and thus secure a sale thereof, otherwise he can have no relief because equity has none to give.   Equity cannot make something out of nothing, and always declines such undertaking.   *Johnson* v. *Riley,* cited.

In so far as the second ground of relief is concerned, plaintiff appeared to have wholly failed in his proof.   At least the circuit court has so found, and the record discloses nothing that would justify this Court in holding such finding as contrary to the decided weight of the evidence.   *Weaver* v. *Akin,* 48 W. Va. 456, (37 S. E. 600).

The deed undoubtedly gave a preference to the Hendricks Company (Limited) and secured its debt to the exclusion of the debt of plaintiffs and others, and thus operated to hinder, delay and prevent them from collecting their debts.   For this reason as a preference it could have been held as a transfer for the benefit of all creditors had the suit been instituted in time.   The limitation provided in the statute having rendered the preference absolute and unassailable, it cannot now be disturbed, although the effect of it is to hinder, delay and prevent other creditors from collecting their debts.   *Smith* v. *Smith,* 48 W. Va. 51, (35 S. E. 876) ; *Carr* v. *Summerfield,* 47 W. Va. 155, (34 S. E. 804) ; *Harden* v. *Wagner,* 22 W. Va. 356.

Any creditor has the right to secure his debt in exclusion of the debts of other creditors provided the statute does not interfere with his preference, thus gained.   If suit had been brought in time, the statute would have avoided his preference, otherwise it does not disturb it, although he gets all and other creditors get nothing.   Thus equity upholds the diligent.   3 Am. & En. En. Law (2 Ed.) 71.

There is nothing in this cause to show that the Hendricks Company (Limited) was doing anything more than to secure its indebtedness from Moore. It is true that Moore attempts to deny the extent of such indebtedness, but his conduct and deeds are against him and his subsequent declarations are not evidence against his grantee. *Fry* v. *Casto,* 33 W. Va. 449.

The plaintiff failing to sustain his bills, the answers praying affirmative relief as between the defendants, goes with them as no relief can be administered between defendants when the bills are dismissed for want of equity, in the absence of statutory provision to the contrary. 5 Ency. Plead. & Prac. 664.

There being no error appearing in the record of which the appellant has the right to complain, the decree is affirmed.

BRANNON, PRESIDENT, (*concurring*) :

I concur in the conclusion for the reasons that we cannot find fraud in fact to reverse the decree, and the plaintiff had no lien on the equity of redemption, and as a preference mortgage the suit was too late; but I do not agree to that feature of the opinion which may be construed to mean that one who has a fixed lien on property, subject to a prior mortgage, cannot cause the sale of the property without first redeeming or showing that in fact the property will not bring enough to reach his debt. He has a right to a public offer of the property for sale. Where a subsequent mortgagee or other lienor wants to redeem and files a bill against the first mortgagee to compel him to allow a redemption, he must offer payment; but I do not understand that this principle denies him right to sell the property conceding prior liens, or subject to them. When the property has been conveyed to the mortgagee the court in its decree may provide that unless, on offer for sale, the property bring enough to reach the second creditor's debt, no sale shall be made, or by some proper provision protect his just rights; but to let him hold his grasp upon the property, and deny relief to a creditor next after him, who is too poor to pay the debt of the prior creditor, does not seem to me to be good law. I made the same point in *Johnson* v. *Riley,* 41 W. Va. 40, stating my reasons.

JUDGES MCWHORTER and POFFENBARGER concur in this note.

*Affirmed.*