# CHARLESTON

McCraw v. Bower.

| 62 | 417 |
| 164 | 308 |

Submitted February 5, 1907.    Decided October 29, 1907.

Appeal—*Review—Evidence.*
   The finding of the circuit court as to facts in issue, unless
against the plain preponderance of the evidence, is conclusive
upon this Court.  (p. 421.)

Appeal from Circuit Court, Wyoming County.

Bill by M. Perry McCraw against R. Lee Bower and others.
Decree for defendants, and plaintiff appeals.

*Affirmed.*

Brown, Jackson & Knight, Col. Childers, and Gilmore
& Worrell, for appellant.

M. F. Matheny, for appellees.

McWhorter, Judge:

This was a bill filed in the circuit court of Wyoming
county by M. P. McCraw against R. Lee Bower and Sallie
J. Bower to establish a resulting trust in favor of plain-
tiff in an undivided one half interest in two certain lots of
land in the town of Pierpont in said county, each contain-
ing one-half of one acre.  The bill alleges that some time
prior to —— day of ——, 1902, plaintiff and defendant R.
Lee Bower entered into an oral contract to purchase and
become joint owners of one acre of land in said town of
Pierpont, being a part of a certain tract or tracts of land
then owned by L. T. Stimson and Julia R. Stimson his
wife; that in pursuance of said agreement they did pur-
chase two tracts or parcels containing in the aggregate one
acre, the first containing one half acre adjoining lot No. 11
and lot No. 17 on one side and L. T. Stimson on the oppo-
site side and also adjoining the location of the main line of
the Deepwater Railway Company, the other containing a
like quantity adjoining lot No. 37 in said town owned by
E. Moran and also adjoining the location of the Chesa-
peake and Ohio Railway Company's main line, which lots
are each marked "R. L. Bower" on a plat of said town

of Pierpont filed with plaintiff's bill as an exhibit; that plaintiff in consideration of one undivided half interest in said two lots paid to said L. T. Stimson and Julia R. Stimson the sum of Fifty ($50) dollars being the one half of the purchase price of said two parcels of land; that at the time of the purchase the defendant R. Lee Bower made no payment on account of said land and no deed of title bond was taken for the said land; that afterwards on the 30th of January, 1903, and after the said purchase money of $100.00 was fully paid said Stimson and wife, at the instance and request of said Bower, conveyed to him the said land which conveyance with special warranty said Bower accepted, all of which was without the knowledge or consent of plaintiff; that defendant Bower while admitting and conceding the facts as stated, although often requested thereto failed and refused to make plaintiff a deed for his one undivided interest in said land; that plaintiff and defendant were joint owners each holding an undivided one half interest in said land and that the defendant holds one undivided interest therein in trust for plaintiff; and prayed that plaintiff be decreed to be the owner of such undivided interest and that defendant be required to convey such interest to plaintiff with special warranty, and for general relief.

Plaintiff afterwards filed his amended bill making Sallie J. Bower, wife of defendant Bower, a co defendant therein reciting and re-alleging the allegations of the original bill and by way of amendment alleging that since the filing of the original bill on the 4th of March, 1903, at the instance and request of R. Lee Bower said Stimson and wife made another and second deed for the said two parcels of land to said R. Lee Bower and Sallie J. Bower his wife, which deed was duly and legally executed, acknowledged and delivered to them and on the 10th day of March, 1903, was duly recorded in the county court clerk's office of Wyoming county and a copy thereof exhibited with the amended bill; that the same was accepted by the defendant Sallie J. Bower with full knowledge of plaintiff's rights and interests in and to the said two tracts of land; and praying that the defendant to the original bill be required to answer the amended bill and that defendant

Sallie J. Bower be required to answer the original bill and also the amended bill, and prayed for such relief against both defendants and each of them as was prayed for in the original bill.

On the 6th day of March, 1903, the plaintiff McCraw filed his petition in said cause praying for an injunction restraining said Bower from conveying any part of the said land to Joseph Mace or to any other person or persons or from disposing of or in any way incumbering said parcels of land or either of them except as to the one undivided half interest therein until the rights of the parties should be adjudicated in the cause, which injunction was accordingly granted. The defendants R. Lee Bower and Sallie J. Bower on the 25th of June, 1903, filed their joint demurrer and on the 26th day of June, 1903, the defendant R. Lee Bower filed his separate demurrer and answer to the bill, amended bill and petition of plaintiff for injunction, denying all the material allegations of the bill, denying emphatically that he purchased the lots jointly with said McCraw, or that McCraw has any interest whatever in said lots; avers that on the 21st of July, 1902, when he went to close the deal with Stimson he only had about $60 of cash at the time and being uncertain whether said Stimson would require more he borrowed from Greeley McCraw an additional $50 to use if it became necessary; that Stimson agreed to make the cash payment $50 which respondent paid out of his own money and did not use one cent of McCraw's money which he had borrowed to be used toward paying for the lots; that he had offered to return or pay to Greeley McCraw the $50 so borrowed with its interest but that he had refused to accept it, and made tender of the same with his answer; that after the purchase of said lots he heard that the McCraws were claiming a part interest in his purchase, that he approached McCraw in the presence of witnesses to know about the rumor when McCraw denied having any interest in the land or ever having claimed any interest and was only telling it to aggravate Stimson; that respondent and his co-defendant were joint owners of three lots in the town of Pierpont which they purchased at the price of $165 and that only one of them was the lot purchased on the 21st of June, 1902, and denied ever

having admitted that the plaintiff had any interest in the property or that he ever agreed to convey him any interest therein.

Depositions were taken and filed in the cause both by the plaintiff and the defendant and the cause was heard on the 29th day of June, 1904, upon the bill and amended bill and exhibits, process duly served upon the defendants, upon the injunction awarded the plaintiff, the demurrer and separate answer of defendant R. Lee Bower, replications thereto and upon the depositions of both parties taken and filed in the cause, whereupon in consideration of all which the court was of opinion and so decreed that the plaintiff was not entitled to the relief prayed for in his bill and amended bill and dismissed the same and dissolved the injunction and decreed costs to the defendants, from which decree the plaintiff appealed and says the decree was contrary to the evidence and the law.

The only question involved in this case is one of fact: Whether or not the purchase from Stimson of the two one-half acre lots was a purchase made by Bower for himself and the plaintiff in equal and undivided proportions and was paid for with the money of both parties? It was not as contended by counsel for appellees an oral contract for the sale and purchase of real estate. Was the $50 placed in the hands of the defendant by Greeley McCraw acting as agent for plaintiff to be applied by defendant on the price of said land for the plaintiff, or was it money loaned by the plaintiff by Greeley, his agent, to the defendant? If the former is proven the resulting trust in favor of plaintiff is established; on the other hand, if plaintiff has failed to sustain the allegations of his bill, the $50 which Greeley McCraw, acting for his father, let the defendant have is simply a loan and plaintiff has no interest in the land purchased.

The evidence is directly conflicting, McCraw testifying that the money was placed in the hands of defendant Bower for the purchase of the lots for plaintiff and defendant jointly; the defendant testifying exactly to the contrary, that it was a loan by plaintiff to defendant. Witnesses testify on behalf of plaintiff that defendant said on various occasions that the land was purchased by him for

the parties jointly. This is denied by defendant, and he has witnesses who testify that McCraw had on various occasions disclaimed any ownership in the land or interest in the purchase of it.

I am unable to see that there is any great or decided preponderance of the evidence either the one way or the other, and the judge who heard the case has decided that under the evidence in the cause the plaintiff has failed to sustain the allegations of his bill and in such case it has been many times held by this Court that a finding so made by a judge of the circuit court will not be disturbed, it not appearing that his decision was clearly wrong. In *Wolfe* v. *Bank*, 54 W. Va. 689, it is held: "A decree of the circuit court determining questions of fact, unless plainly wrong, will not be disturbed." And in *Weaver* v. *Akin*, 48 W. Va. 456: "The finding of the circuit court as to facts in issue, unless against the plain preponderance of the evidence, is conclusive upon this Court." See also *McIntosh* v. *Oil Co.*, 47 W. Va. 832, (35 S. E. 860); *Camden* v. *Dewing*, *Id*. 310, (34 S. E. 911; *Whipkey* v. *Nicholas*, *Id*. 35, (34 S. E. 751); *Spurgin* v. *Spurgin*, *Id*. 38, (34 S. E. 750); *Yoke* v. *Shay*, *Id*. 40, (34 S. E. 748;) *Smith* v. *Yoke*, 27 *Id*, 639; *Cox* v. *Investment Co.*, 61 *Id*. 291. "An appellate court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment." *Shrewsbury* v. *Miller*, 10 W. Va. 115.

We see no reason for reversing the decree of the circuit court therefore the same is affirmed.

*Affirmed.*