# CHARLESTON.

## BAKER v. JACKSON.

Submitted June 13, 1908.    Decided March 9, 1909.

1. APPEAL AND ERROR—*Review—Commissioner's Report.*
   A commissioner's report based on evidence has great weight, and should be sustained, unless plainly not warranted by a reasonable view of the evidence. This rule operates with great force in an appellate court, after the report has been confirmed by a circuit court. (p. 283.)

2. SAME—*Conflicting Evidence.*
   A decree based on evidence, especially when conflicting, will not be reversed unless plainly wrong. (p. 283.)

Appeal from Circuit Court, Randolph County.

Bill by Stark L. Baker against William Jackson. Decree for plaintiff, and defendant appeals.

*Affirmed.*

J. B. WARD, for appellant.

LEW GREYNOLDS and W. B. MAXWELL, for appellee.

BRANNON, JUDGE:

Stark L. Baker filed a bill in the circuit court of Randolph county against William Jackson to enforce a judgment lien against land of Jackson. The judgment was rendered by a justice in favor of William Reams against said Jackson and H. M. Robinson. Robinson was surety for Jackson in the note on which the judgment was rendered, and Robinson paid the judgment, and Reams assigned it to Robinson by written assignment. Without this assignment equity would keep the judgment alive and virtually assign it to Robinson by subrogating him to its lien. Jackson filed an answer pleading payment of the judgment. Depositions were taken on both sides, and the court made a decree

expressing the opinion that the case was for the plaintiff, and referring it to a commissioner to report what land Jackson owned and the liens thereon. The commissioner took some more depositions, and reported this judgment as a lien. The court overruled Jackson's exceptions, confirmed the report; and decreed the judgment against Jackson and ordered a sale of the land.

The sole question is one of fact. Had the judgment been paid? Jackson claimed that in a settlement between Robinson and him this judgment was included and paid. Robinson denied this. Upon this test question the evidence is absolutely conflicting. No receipt is produced from Robinson. The judgment proved the lien. The burden was on Jackson to show the payment by preponderant evidence. He has failed to do this, even were it an original question in this Court; but there is the commissioner's report confirmed, which brings the case under the well known rule that where a commissioner reports on facts his finding will be given great weight, and should be sustained in the circuit court, unless plainly not warranted by any reasonable view of the evidence, and this rule operates with peculiar force in an appellate court when the report has been confirmed by the circuit court. *Reger* v. *O'Neal*, 33 W. Va. 159. In addition to this we have the old rule that a circuit court's decree on evidence is taken to be right, and will not be reversed, unless decidedly against the weight of the evidence. *Kenneweg Co.* v. *Moore*, 49 W. Va. 323. Not unless plainly wrong. *Wolf* v. *Bank*, 54 W. Va. 689. Especially when the evidence is conflicting. *Naughton* v. *Taylor*, 50 W. Va. 233. It is useless to detail mere evidence. Such is not the mission of opinions; their purpose is to lay down legal principles.

We affirm the decree.

*Affirmed.*