# CHARLESTON.

## NORFOLK & WESTERN RAILWAY CO. *v.* STIPP *et al.*

### Submitted September 10, 1910. Decided April 23, 1912.

1.   ADVERSE POSSESSION—*Statutory Period—Title to Land.*
   Title to land can not be acquired by possession for the statutory period unless that possession is adverse. (p. 702).

2.   APPEAL AND ERROR—*Finding of Commissioner—Conclusiveness.*
   A finding of a commissioner, based on evidence, and confirmed by the circuit court, will be respected on appeal unless plainly wrong. (p. 703).

Error to Circuit Court, Jefferson County.

Action by the Norfolk & Western Railway Company against John W. Stipp and others. Judgment for plaintiff, and John W. Stipp and I. W. Stipp bring error.

*Affirmed.*

*Geo. M. Beltzhoover, Jr.,* for plaintiff in error.
*Brown & Brown,* for defendants in error.

ROBINSON, JUDGE:

In condemnation of land for railway purposes, a sum of money was paid into court, so that conflicting claims to it might be determined between U. S. Martin on the one hand and John W. and Isaac W. Stipp on the other. The matter was referred to a commissioner to ascertain to whom the money belonged, and in what proportion it should be paid over, if to both parties. The commissioner found that a part belonged to Martin and a part to the Stipps. This finding and report was based on documents filed before the commissioner and on testimony taken before him in relation to title and ownership of the land from which the money was derived. John W. and Isaac W. Stipp, claiming that they were the rightful owners of all the land from which the money arose, excepted to the report. The circuit court, upon a consideration of all the evidence on which the report was based, confirmed the report, and thus denied John W. and Isaac W. Stipp a part of the money, that is, the sum of $799. They seek a reversal of the order which gives Martin this sum. They insist that he owned no part of the land taken, but that they were the true owners of it all.

A *certiorari* on behalf of Martin has brought up some title papers that do not appear to have been in the record considered below. These documents can not for the first time be considered on appeal. Martin can not complete the proof of his title here. We are confined to the record that was made up and considered in the circuit court. The matter, however, is immaterial. Though. Martin does not show perfect title to the parcel of land as to which the court has ordered the money to be paid to him, still we can not find that the money for that parcel belongs to the Stipps, unless they show that they were the true owners of that part of the land. John W. and Isaac W. Stipp can not complain that Martin got the money on an imperfect title, unless they show that they have the true title to the land from which the money arose. The order of the circuit court giving the money to Martin can not injure the Stipps, unless they themselves are entitled to the money. To be entitled to the money, they must show that

they were the true owners of the land. If neither of the parties have shown true title to the land, we can not reverse at the instance of the Stipps; for in that event, they have no right to complain.

The Stipps do not show a perfect chain of title to the Potomac River cliffs, from which the money was derived, but they rely on possession for a long period of time under a deed made in 1868. They say that deed is color of title and that possession under it on the level portion of the land carries their possession to the bounds of the deed. That deed includes the cliffs, they claim, since it calls for the Potomac River. Ordinarily, possession of the level land to which the cliffs are attached, under the color of this deed, would be possession of the cliffs and would ripen into good title to the whole after the running of the statutory bar. Of course, this would not be true as to the cliffs if Martin showed an older perfect title thereto. There would then have to be actual possession on the interlock by the Stipps to take it away from him. No such actual possession by them on that particular part of the land is established by the record. But Martin does not show an older perfect title to this portion of the land. The record does not bear out his claim of perfect title. His paper chain is defective, and on it alone he relies. He does, however, show a long claim of ownership by himself and those under whom he holds. We must say whether the Stipps had such adverse possession of the cliffs under the color of their deed as to give them good title. Have they held the cliffs adversely? Both by the finding of the commissioner and of the circuit court, the question has been determined against the Stipps. Those findings rest on conflicting evidence. We can not overthrow them unless they are manifestly contrary to the evidence.

We can not say from the evidence, to the extent of overthrowing the report of the commissioner and the finding of the circuit court thereon, that the Stipps have had adverse possession of the land beyond the line of the cliffs, or that their possession under the deed has constructively included the cliffs. It suffices to say that the evidence, though conflicting, will support a finding that the Stipps have not held the cliffs adversely so as to acquire title thereto—that the running of the statute necessary to give them good title has been broken by acts and declarations

on their part in recognition of the Martin claim of title and in disavowal of any claim by themselves. A holding or possession to be adverse must be hostile. It must exclude others, not admit them. The evidence will support a finding that these and the other elements necessary to make possession adverse were lacking as to the possession of the cliffs on which the Stipps rely. Besides, it may be found from the evidence that the Stipps all along have construed their deed to take them to the river at the line of the cliffs and not down over the cliffs at the water's edge, so that they have not even had constructive possession of the cliffs by the force of their possession of the level part of the land under the deed.

It is useless to detail the evidence on which the order appealed from is based. The case involves the application of no new principles. Why should we extend discussion? Though different judges might reach different conclusions on the evidence, yet we can not say that the finding of the circuit court on the controlling question of possession is plainly against a preponderance. A finding of a commissioner, based on evidence, and confirmed by the circuit court, is entitled to great respect on appeal. It will be sustained unless plainly wrong. *Baker* v. *Jackson,* 65 W. Va. 282.

Let the order be affirmed.                              *Affirmed.*