# CHARLESTON.

### ABELL CLARK v. EXPORT INSURANCE COMPANY

### (No. 6096)

Submitted April 17, 1928.     Decided April 24, 1928.

APPEAL AND ERROR—INSURANCE—*Finding of Circuit Court as to Facts, Unless Against Plain Preponderance of Evidence, is Conclusive on Appeal; Evidence Held to Support Judgment Against Insurer for Damages to Stolen Automobile.*

The finding of the circuit court as to facts in issue, unless against the plain preponderance of the evidence, is conclusive on this Court.

(Appeal and Error, 4 C. J. § 2853 ; Burglary and Theft Insurance, 9 C. J. § 14.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action by Abell Clark against the Export Insurance Company, began in a justice court. From the justice's judgment an appeal was taken to the circuit court, which rendered judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*Froe, Capehart & Miller,* for defendant in error.

LITZ, JUDGE:

The plaintiff, Abell Clark, recovered a judgment in the circuit court of $300.00 against the Export Insurance Company (plaintiff in error) for damages to his automobile, on an insurance policy insuring it against "direct loss or damage by fire, theft and transportation to the body machinery and equipment." The action was tried, upon an appeal from a justice, by the court in lieu of a jury. The damage complained of resulted from the wrecking of the car by one Russell Nichols.

Counsel for the plaintiff by way of apology for the manner in which the evidence was presented, states: "Though probably unavailing at this stage in the case, it may not be amiss to briefly explain the extreme brevity of the plaintiff's evidence. This case was heard by the court, in lieu of a jury, after seven o'clock at night. Being anxious to facilitate the hearing, and the court stenographer not having come to court, counsel agreed to go along with the case and to agree on the facts, in the event an appeal was decided upon by either party. Subsequently, however, the court stenographer came in, and the court suggested that a record should be made. Having heard the evidence of the plaintiff, the court in a very brief and informal way attempted to elicit the facts previously brought out in the examination by plaintiff's counsel."

The grounds for reversal are: (1) That Russell Nichols intended to return the car to the plaintiff after using it; (2) That the plaintiff is not entitled to sue on the insurance policy; (3) That the damaged automobile and the one insured are not the same; (4) That the damage did not occur during the currency of the policy; and (5) That the policy was not introduced in evidence.

Nichols entered the room of the plaintiff, in his absence, and, purloining the key to the automobile from the clothing of the latter, unlocked and took the car without his consent or knowledge; and driving several miles wrecked it along the public highway. After the wreck Nichols escaped to avoid arrest on a warrant charging him with theft of the machine. These facts established a *prima facie* case of theft. 17 R. C. L. 68. The defendant cites numerous cases in support of its contention that the evidence does not warrant the finding of criminal intent on the part of Nichols. We find, however, upon careful examination of all these decisions, that none of them, in which the evidence is recited, involves a state of facts analagous to that presented in this case.

It is not shown that anyone other than the plaintiff was interested at the time of trial in the recovery. Neither the right of the plaintiff to sue nor the form of action employed

was questioned before the justice or the circuit court by objection to evidence or otherwise.

Counsel for the defendant agreed in the record "that if there is any liability on the Export Insurance Company under its policy, that the damage to the car in question amounted to at least $300.00." This, we think, is sufficient proof that there was only one car "in question", the one that was insured and damaged.

The plaintiff mailed the defendant proof of loss July 8, 1926, which, according to his testimony, was within sixty days from the date of the damage. The policy continued in effect from April 20, 1926, to April 20, 1927. The damage, therefore, occurred while the policy was in force.

The plaintiff introduced a notice of insurance coverage signed by the defendant, setting forth the terms of the policy. This was sufficient evidence of the policy.

Although the proof is not as full as it might be, we have concluded that it is sufficient to sustain the judgment. "When an action at law is tried before the court, without a jury, its findings on the issues of fact have the same effect as the verdict of a jury—". 26 R. C. L., p. 1087. "The finding of the circuit court as to facts in issue, unless against the plain preponderance of the evidence, is conclusive upon this Court." *McGraw* v. *Bower*, 62 W. Va. 417.

The judgment is affirmed.

*Affirmed.*