· Simmons Auto Company *v.* D. C. Pursley *et al.*

(No. 7649)

Submitted October 3, 1933.   Decided October 10, 1933.

*I. P. Whitehead, Grover F. Hedges* and *William Beasley,* for appellant.

*Wm. S. Ryan,* for appellee.

Litz, Judge:

This is a lien creditors' suit in which the plaintiff asserted several judgment liens in its favor against defendants, D. C. and C. R. Pursley.

The commissioner in chancery, to whom the cause was re-. ferred for the purpose of ascertaining the liens, in the order of their priority, reported as the first lien against 250 acres of land in Roane County belonging to D. C. Pursley, a mortgage debt of $1,938.55 in favor of the Federal Land Bank of Baltimore. Only a small amount of the claim, which is payable in semi-annual installments over a long period of years, is now due. The mortgage contains an accelerating clause permitting the Land Bank, at its option, to declare the entire amount due upon the delinquency of any payment. The Land Bank, waiving its option under the accelerating clause, requested in its answer that the sale of the 250 acres of land be made subject to its mortgage.

From a decree directing sale of said land in fee, the Land

Bank has appealed. It still insists that its mortgage should stand and the decree be modified by directing a sale of the equity of redemption only.

It was held in *Wise* v. *Taylor*, 44 W. Va. 492, 29 S. E. 1003, 1006, that a judgment creditor may subject to sale only the equity of redemption in land owned by the debtor upon which there is a prior lien under an unmatured trust deed. In the opinion, after full discussion and citation of authority, the court said: "The plaintiffs' judgment lien was on the equity of redemption, and in enforcing their judgment lien they could not disturb the conditions and terms of the prior (trust deed) lien by compelling the party holding it to receive the amount thereby secured at an earlier. day than that provided for by the contract, and the terms of the trust deed." The rule is re-stated in *Root-Tea-Na-Herb Company* v. *Rightmire*, 48 W. Va. 222, 231, 36 S. E. 359, *Kennewig Company* v. *Moore*, 49 W. Va. 323, 38 S. E. 558, and impliedly recognized in *Laidley* v. *Hinchman*, 3 W. Va. 423, and other West Virginia cases. In accord: *Chrystal Ice Co.* v. *Frick*, 96 Va. 141, 30 S. E. 491; 19 R. C. L. 530.

The decree, complained of, will be modified by directing sale of the equity of redemption only in the 250 acres of land.

*Modified and affirmed.*