# July Term, 1853.

---

## VICENTE PERALTA *v.* AMEDEE MARIEA.
## SAME *v.* KELLY. SAME *v.* GUEZ.

An agreement of counsel for the continuance of a cause, not reduced to writing, will not be regarded by the court.

Where the plaintiff fails to appear and prosecute his suit, and defendant moves a nonsuit, the court has no alternative but to grant it.

APPEAL from the Third Judicial District, for the County of Contra Costa.

This was an appeal from the District Court, who refused a continuance upon the application of one of the attorneys of plaintiff, whose affidavit set forth, that he was engaged as assistant counsel with Colonel J. K. Irving for plaintiff, and that W. C. Jones and —— Carpenter were attorneys for defendant. That at a former term of this court, a verbal understanding was had between the deponent and said Jones, that the causes should be continued until the commissioners had settled the title of Peralta; and, acting upon the belief and advice of the attorney for defendant, this deponent informed said J. K. Irving (senior counsel), that the said agreement was in existence, and that the said causes would not come up for trial, and would be continued; that Carpenter intimated to deponent yesterday (the 2d day of this term) that he would take up the cases, and thereupon deponent wrote to Irving to come up and attend to them; and he believes that Irving will be up before the adjournment.

The affidavit was filed July 7, 1852, and on the same day the defendant (the plaintiff being called, and not appearing) moved for a nonsuit; and the court ordered judgment accordingly, and for costs.

July 16, defendant appealed.

(The three causes at the head of this report were in like con-dition upon the record, and were included in this appeal, and the opinion of the court delivered herein governs them all.)

*J. K. Irving* and *E. Randolph*, for appellant.

Plaintiff was deceived, misled, and surprised by the defendant. He relied upon a verbal agreement between counsel that the causes should be continued from term to term, until the com-missioners should have decided upon the validity of Peralta's title to the land in question, and therefore were not in attendance when the nonsuit was ordered.

The act which provides that parties shall not be bound by agreements of their counsel, unless reduced to writing, is for their protection, and should not be permitted to be used against them; and defendants should not be suffered to use an agreement under which they rested in security themselves, to cut off all the plaintiff's rights. The statute means that an attorney cannot bind his client, by any agreement not in writing, and not that he may deceive the adverse party by means of it.

The counsel also argued, that the causes having been removed into the District Court by consent, that court not having original jurisdiction of the subject-matter (Forcible Entry and Detainer), that, therefore, consent did not confer jurisdiction. This question, however, was not considered by the Supreme Court.

*Carpenter*, for respondent.

The statute, the rules of court, and the practice, discounte-nance all verbal agreements between attorneys. The affidavit states, that this agreement was made with Mr. Jones; who was not counsel for defendant at the time, but who had purchased an interest with the appellant, and become jointly interested with him as plaintiff in the prosecution of these very suits.

By the 157th sect. of the Prac. Act, p. 75, "either party may

bring the issue to trial, and in the absence of the adverse party, unless the court for good cause otherwise direct, may take a dismissal of the action, or a verdict or judgment, as the case may require." Here is matter for the discretion of the court, but no cause for reversal or appeal.   8 Wend. 47; 8 Johns. 426; 13 Johns. 442.

The only ground of continuing a cause is the absence of a material witness.   See sect. 158, Prac. Act.   The absence of an attorney is a mere ground of appeal to the discretion of the court. The affidavit does not allege that the party was not prepared for trial.

As to the jurisdiction of the District Court, see Sec. 6, Art. VI. Constitution of California, and the act " Concerning Courts of Justice," passed March 11th, 1851, sect. 23; Laws, 1851, p. 13.

HEYDENFELDT, Justice, .delivered the opinion of the court. WELLS, Justice, concurred.

The agreement of counsel in the District Court for a continuance of the cause not having been reduced to writing, could not be regarded by the court, and upon the failure of the plaintiff to appear and prosecute his suit, the court could have taken no other action than it did upon the motion of the defendant.

The point made that the District Court had no jurisdiction, cannot avail the appellant, who was plaintiff below.   That would only be an additional reason to sustain the nonsuit.

If the case was improperly in the District Court, it may be, that the action of that court would have no influence on the plaintiff's case when within the jurisdiction of the proper tribunal; but this question is not necessary to be decided.

Judgment affirmed.