# CHARLESTON

WHIPKEY *v.* NICHOLAS *et al.*

Submitted June 22, 1899—Decided Nov. 18, 1899.

1. APPEAL AND ERROR—*Evidence.*
   All assignments of error founded on doubtful and conflicting questions of evidence will be disregarded or overruled by this Court unless it is plainly manifest that the circuit court has erred against the true preponderance of the evidence.   (p. 36.)

2. SPECIAL JUDGE—*Qualifications.*
   A litigant who without objection joins in the selection of a special judge to hear and determine his case will not be permitted to raise mere technical objections to the selection and qualification of such judge after he has decided against such litigant.   (p. 37.)

Appeal from circuit court, Calhoun County.

Bill by James E. Whipkey against George W. Nicholas and others.   Decree for plaintiff.   Defendants appeal.

*Affirmed.*

ROBINSON & PIERPOINT and J. W. FIDLER, for appellant.

LINN & HAMILTON, for appellee.

DENT, PRESIDENT:

At March rules, 1897, Calhoun County, James E. Whipkey filed his bill in chancery against G. W. Nicholas, alleging that by a certain contract in writing, bearing date the 15th day of December, 1890, the defendant sold him a certain tract of land, supposed to contain one hundred and sixteen and one-half acres, at nine dollars and twenty-five cents per acre, and agreed that a survey should be thereafter made, and if there proved to be a deficiency the amount was to be ascertained and deducted from the unpaid purchase money, and if there was a surplus the amount was to be added to the purchase price; that afterwards a deed had been executed by the defendant for the land, still with the same understanding; that plaintiff had about paid the purchase money, and had a survey made, which showed

that the tract only contained eighty-seven and five-eighths acres, and on this basis he owed the defendant less than sixteen dollars, which he tendered the defendant, and demanded his notes, and a release of lien, which defendant refused; and he prayed for such relief as he was entitled to in the premises. Defendant answered, admitting the contract, but claimed at the time the deed was made the old contract was mutually abrogated, and they, orally agreed that the sale should be considered in gross, and not by the acre. Defendant also demurred to the bill for the reason that the contract was that the deed was to be made to Mary L. Whipkey and her heirs by said James E. Whipkey, and he insists that the said Mary L. Whipkey and her heirs should be parties plaintiff. This suit does not affect the title to the property, but is only a question of the reduction of the purchase money, in which said James E. Whipkey alone is interested. The demurrer was properly overruled.

The court below, on a hearing of the case, granted the relief prayed by the plaintiff, and from this decree defendant Nicholas appeals and relies on twelve different assignments of error, the first of which has been disposed of,— being the question raised by the demurrer. The next six relates to the action of the circuit court on the merits, and are to the effect that the finding of the court was contrary to the prepondenance of the evidence, which is to some extent conflicting. It is useless to repeat it all here. The appellant insists that the court erred in abating the purchase money and cancelling the notes, without allowing the appellant the privilege of rescinding the sale and refunding the purchase money, according to the holding in the case of *Pratt* v *Bowman*, 37 W. Va. 715, (17 S. E. 210). This was because there was an express agreement between the parties that in case there was a deficiency it should be ascertained, and deducted from the purchase price. *Pratt* v. *Bowman* only applies where there is no such agreement. Appellant says the agreement was abrogated. The court, from the evidence, reached a contrary conclusion; and, while there might be grave doubts as to whether such conclusion was right, yet this Court will not disturb it, unless contrary to the plain preponderance of the evidence. *Spurgin* v. *Spurgin*, 47 W. Va. 38, (34 S. E. 750(; *Yoke* v.

*Shay*, 47 W. Va., 40 (234 S. E. 748); *Fitzgerald* v. *Windmill Co.*, 42 W. Va. 570, (26 S. E. 315); *Richardson* v. *Ralphsnyder*, 40 W. Va. 15, (20 S. E. 854): *Smith* v. *Yoke*, 27 W. Va. 639; *Barlett* v. *Cleavenger*, 35 W. Va. 720, (14 S. E. 273). This Court is unable to say that the holding of the circuit court was plainly wrong as to this question, and any of the others presented, which depend on a preponderance of the evidence, such as that the sale was by the acre, and not in gross; that the plat and report of S. P. Bell furnished the proper basis for the determination of the amount of the land; and that there was only sixteen dollars due the appellant. This rule is too well established to be disregarded now, sustained as it is by both reason and authority.

The eleventh assignment of error relates to the question of tender before suit brought. The tender seems to be fully sustained by the evidence. and this assignment appears to have been abandoned in the argument.

The other four assignments relate to the selection, qualification, and constitutionality of the special judge. The constitutional question is settled in the case of *State* v. *Williams*, 14 W. Va. 851. An examination of the record reveals the fact that the appellant agreed in writing that N. M. Bennett should act as special judge in the case. He is therefore bound thereby, and cannot take any exception thereto that he might have otherwise taken. Any error committed therein is not to his prejudice. The decree of the circuit court is affirmed.

*Affirmed.*