# CHARLESTON

SPURGIN *v.* SPURGIN.

Submitted June 14, 1899—Decided Nov. 18, 1899.

APPEAL AND ERROR.

Unless plainly erroneous, the decrees of the circuit court will not be disturbed. (p. 33.)

Appeal from circuit court, Preston County.

Bill by Lucian Spurgin against Jesse Spurgin. Decree for plaintiff, and defendant appeals.

\                                                    *Affirmed.*

P. J. CROGAN and NELL J. FORTNEY, for appellant.

W. G. WORLEY and C. P. GIRARD, for appellee.

DENT, PRESIDENT:

Lucian Spurgin filed his bill in the circuit court of Preston County against his father, Jesse Spurgin, claiming that about the year 1882, the time of plaintiff's marriage, his father, in consideration of love and affection, and services rendered since he became of age, to wit, the 30th of June, 1875, agreed to give him that portion of the home farm which lies between the Brandondville road, on the north, and Ami Moyer's farm, on the south, and between the Hazelton and Glade Farms road, on the east, and a private road leading from J. J. Moyer's, on the west, containing about one hundred and seventy-five acres; that with the aid of his father he built thereon a house worth about one thousand dollars, and immediately moved thereon and took possession of such land; that he put many improvements thereon, such as building a barn, corncribs, wagon sheds, summer kitchen, planting an orchard, and otherwise improving the land as a farm; that he continued to live thereon and make these improvements from the year 1882 up until the year 1893, when he removed to Uniontown, Pa., for the purpose of carrying on the butcher business, renting his

farm in the meantime to Mrs. Martha F. Smith. During all these years his father never disputed his right to the land, but constantly admitted it, and promised to make a deed for it. It is shown in evidence that in the meantime his mother died, and his father, who is now more than three score and ten, married his hired girl. By his first wife his father had three children,—two daughters and one son, the plaintiff. He now has a son by this second wife, and to the son and mother he has deeded the residue of the home farm,—about three hundred acres,—and all his personal property. The father answered, controverting the material allegations of the bill. Numerous depositions were taken by both parties, and the evidence is highly contradictory and conflicting. The father, in his testimony, denies everything except that his son continued to live with him from the time when he was twenty-one in 1875, until 1882, when he married. Then he built him a house on that portion of the farm in controversy, and permitted him to use the farm, up until he moved away, in 1893, when he (the father) claims to have rented it to Mrs. Smith. He contradicts, and is contradicted by, numerous witnesses. The circumstances are strongly in favor of the plaintiff's pretentions. Still, the case is not free from grave and serious doubt. A father has no right to raise hopes in the breast of a son, and thus secure his services for almost a score of years after his majority,—the very cream of his manhood,—and then cast him off without recompense because he (the father) has taken unto himself a new wife, with the expectancy of new heirs. While children should reverence their parents, parents should deal justly with their children. *Plate* v. *Durst*, 42 W. Va. 63, (24 S. E. 580). It is the settled law in this State "that a gift of land, based on meritorious consideration, by reason of which the donee has been induced to make valuable improvements will be enforced in equity by conveyance of the legal title." *Crim* v. *England*, 46 W. Va. 480, (33 S. E. 310). It has also been well settled that in doubtful cases the decree o the circuit court will prevail, as this Court never makes a "last guess," nor disturbes the decrees of the lower court unless plainly erroneous. *Yoke* v. *Shay*, 47 W. Va. 40, (34 S. E. 748). The court is unable to arrive at the conclusion in this case that the decree complained of is plainly errone-

ous, and therefore it must stand. The same principle applies to the motion for security for costs. The objection to the insufficiency of the description of the land is fully met in the case of *Crim* v. *England*, cited. For the foregoing reasons, the deree is affirmed.

*Affirmed.*