# CHARLESTON.

NAUGHTON *v.* TAYLOR *et al.*

Submitted June 6, 1901.    Decided November 23, 1901.

APPEAL—*Conflicting Evidence—Law.*
> When the evidence is conflicting unless the circuit court's conclusion is plainly wrong, the decree appealed from will be affirmed. (p. 234).

Appeal from Circuit Court, Ritchie County.

Bill by Michael Naughton against E. J. Taylor and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

DAVIS & SON, for appellant.

DUTY & IRELAND, for appellees.

DENT, JUDGE:

Michael Naughton appeals from a decree of the circuit court of Ritchie County in favor of E. J. Taylor, entered on the 30th day of October, 1899, dissolving an injunction obtained by said Naughton against a judgment held against him by said Taylor. On the 7th day of April, 1897, Naughton Bros., of which appellant was one, purchased from appellee certain depot buildings and the lease right situated at Cornwallis in the county of Ritchie for the sum of three hundred and eighty dollars, and gave their notes for the same. Failing to pay when the same became due Taylor brought suit and obtained the judgment in

controversy.  Naughton claims that at the time he purchased he understood from common rumor and from Taylor that the lease was for ninety-nine years and had fifty years to run, but since the judgment he has learned that it is in the power of the railroad company to vacate it at any time, and that the company has served notice on him that the lease was at an end.  Taylor denies this, and claims that Naughton was fully informed as to the character of the lease.  The lease was not on record but was in the possession of the railroad company.  This is the real issue between the parties.  On it the evidence is highly conflicting and it is just the kind of a case in which an appeal according to the uniform decisions of this Court should never be granted The circuit court has weighed the evidence and reached a conclusion, and unless it is plainly contrary to the weight thereof this Court will not disturb its finding.  *Weaver* v. *Akin,* 48 W. Va. 456, (37 S. E. 600); *McIntosh* v. *Augusta Oil Co.,* 47 W. Va. 832, (35 S. E. 860); *Camden* v. *Dewing,* 47 W. Va. 310, (34 S. E. 911); *Whipkey* v. *Nicholas,* 47 W. Va. 35, (34 S. E. 751).  To sustain equitable interference in a case of this character the evidence must be clear and convincing, and the preponderance strong and positive.  Otherwise equity must refuse to interfere and leave the parties to their legal remedies.  The circuit court certainly reached a proper conclusion.

It is not clear but what the plaintiff's suit comes within the statute of frauds.  He claims that he purchased on the assurance that the lease had fifty years to run.  In other words he purchased a fifty year land lease.  The lease itself was one at the pleasure of the lessor.  If it had been in fact a fifty year lease, then it could have been transferred without writing.  But as there is no such lease in existence, and the plaintiff now sues virtually on a warranty of a fifty year lease, he cannot maintain his suit without a writing, for the contract for the breach of which he sues is for the lease of real estate for more than a year.  All such contracts must be in writing.  This suit illustrates the wisdom of the statute.  The cross-swearing and conflicting statements of the numerous witnesses are the best evidence thereof.  However this may be, in any view the decree in this case should be and is affirmed.

*Affirmed.*