P. J. Cooney, Appellee, v. Mary A. Bonfield, Appellant.

Gen. No. 17,079.

1. JUDGMENTS—*when vacated at subsequent term.* A judgment entered at a prior term may be vacated by consent of the parties.

2. JUDGMENTS—*when jurisdiction to enter order vacating, waived.* When a judgment is, on motion of defendant, vacated at a subsequent term, if plaintiff subsequently goes to trial on the merits without pressing a motion to vacate the vacating order, he waives his objection to the court's jurisdiction to vacate the judgment,

3. ESTOPPEL—*inconsistent attitudes in legal proceedings.* Where a defendant at every step raises the question of the court's jurisdiction to enter judgment but reverses his position when the court agrees with him, he cannot object to the application of the principle he invoked.

4.. JUDGMENT—*where order vacating, correctly set aside.* Where an order vacating a judgment is entered at a subsequent term it is correctly set aside for lack of jurisdiction when it does not appear that the opposite party waived his objections to the jurisdiction or that his acts after the entry of the order were misleading.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

BURTON & KANNALLY, for appellant.

MICHAEL D. DOLAN, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

By this appeal, appellant seeks to reverse the action of the Circuit Court in vacating an order vacating a judgment entered against appellant and Louis Blodt for $41.63. The appellee, Cooney, brought suit before a justice of the peace against appellant and Blodt and on a trial before the justice, on October 5, 1906, the suit was dismissed as to appellant and a judgment for $41.63 was entered against Blodt. Cooney appealed to the Circuit Court by filing an appeal bond with the justice on October 23, 1906, which was approved by the justice, and filed, together with a transcript, in the office of the clerk of the Circuit Court on April 16, 1907. Over two years later, April 21, 1909, at the April term of said court, the case was called for trial in the Circuit Court. The plaintiff appeared. The defendants were absent. A jury was called, the evidence heard, and a verdict returned finding the issues for the plaintiff and assessing his damages at $41.63. Judgment was entered on the verdict the same day against appellant and Blodt. At the May 1909 term, appellant filed her special appearance "for the sole purpose of contesting the jurisdiction" of the court to enter the judgment. On her motion, after

notice to Cooney, the court ordered the execution recalled "forthwith"; and on June 19, 1909, on like motion, the judgment entered at the previous term was set aside and vacated "for want of jurisdiction." The order states no facts showing any lack of jurisdiction, and the record fails to show any such facts. Thereupon, on motion of plaintiff's attorney, it was ordered that "all papers and proceedings in said cause be and the same are hereby amended by making Mary A. Bonfield a party defendant herein." In September, 1909, Cooney caused a summons to issue against appellant returnable to the October term, which was duly served, and at that term, she filed a second appearance "for the sole purpose of questioning and denying the jurisdiction of the court." In May, 1910, on the call of the calendar, a second trial was had in the absence of the defendants and a judgment rendered against both defendants. Eleven days later, this second judgment was vacated on motion of the defendants. On June 7, 1910, the trial was "continued by agreement" to June 14, 1910, but was not reached on the call until July 5, 1910. On June 28, 1910, appellant moved to quash the summons on the ground "that a final judgment had been entered and said cause was at an end." After some argument, this motion was denied. On July 5, 1910, Cooney made a motion to set aside the order of June 19, 1909, vacating the judgment entered at the April term. This motion was allowed and that order was vacated. Appellant's attorneys then announced that she "was ready to proceed with the trial," but were informed by the court that "no cause was pending before the court," by which remark it is conceded the court meant that as the first judgment was vacated after the term had passed, the order vacating the judgment had been entered without jurisdiction and was void for that reason.

Appellant's counsel do not dispute this proposition as a general rule, but assert that the rule is subject to the exception that a judgment entered at a prior

term may be vacated by the consent of the parties, and 'that the facts of this case, as above recited, bring it within this exception. Conceding that such an exception exists, we can not agree with this theory of the facts. The order vacating the April, 1909, judgment was entered entirely on motion of appellant ''for want of jurisdiction'' and after the court, on appellant's motion, had peremptorily ordered the recall of the execution ''forthwith.'' There is no hint of consent, either expressed or implied, in the record of these orders. But it is urged that the consent of appellee is shown by his conduct and apparent acquiescence in the subsequent proceedings; and in support of this theory, several cases are cited in which parties, while nominally disputing the jurisdiction of the court, have nevertheless subsequently participated in a trial upon the merits, and were therefore held estopped by their conduct or to have waived all objections to the jurisdiction. If in this case appellee had gone to trial on the merits in July, 1910, instead of pressing his motion to vacate the order of June 19, 1909, the cases cited would be in point, for in such case, he would be held to have waived his objection to the jurisdiction of the court. Such, however, was not the fact. So far as this record shows, *appellee* never raised the question of jurisdiction until he made his motion in July, 1910. Appellant's counsel raised the question at every step until the court agreed with them, and then at once reversed the position they had maintained up to that time. They cannot be permitted to object to the application of a principle they have themselves invoked. It does not appear that appellant was in any manner misled to her prejudice by anything done or omitted by appellee since April, 1909, while it does appear that the order vacating appellee's judgment was entered after the court had lost jurisdiction. It was, therefore, properly set aside.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*