MILTON J. BUDLONG *vs.* JESSIE MARGARET BUDLONG.

NOVEMBER 9, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Establishing Truth of exceptions.*

Whether the exception of a party is valid is a question not involved in the consideration of whether such exception was taken.

On petition of respondent to establish the truth of an exception taken to an order of the superior court granting a petition for discontinuance of a divorce action, the petitioner in divorce cannot urge at this stage of the proceedings that the court was without jurisdiction to entertain his application and enter the order.

PETITION for divorce. Heard on prayer of respondent to establish truth of an exception and granted.

SWEETLAND, C. J. The above entitled petition for divorce is before us at this time upon the respondent's motion that the truth of the exception stated in her bill and the truth of the transcript of evidence, certified by the clerk of the Superior Court, be established in this court.

The exception which the respondent wishes to establish is one taken by her to the action of a justice of the Superior Court in granting the petitioner's motion that the court enter an order permitting the petitioner to discontinue the above entitled petition without prejudice to the right of the petitioner, in another petition then pending in the Superior Court entitled *Milton J. Budlong v. Jessie Margaret Budlong*, Div. No. 4646.

The ground upon which the petitioner sought to discontinue this petition was stated to the Superior Court by the petitioner's solicitor to be that there was some doubt as to the absolute validity of the service upon the respondent and for that reason, not being desirous of having any trouble on that account, Mr. Budlong had brought a second petition returnable to the September session upon which service had been obtained.

The return of the officer showing the nature of the service or attempted service of the citation is not among the papers

in the case; nor was an attempt made to bring to the knowledge of said justice in what respect, if any, the service was illegal. The record is silent as to the nature of the doubt which the solicitor stated existed as to the absolute legality of the service. The justice made the following ruling and order: "I will grant the motion. Enter discontinuance." To this ruling and order the respondent excepted and duly filed her bill of exceptions and a transcript of evidence. The justice refused to act upon the bill, and under the provisions of the statute the bill and transcript have been certified to this court. Before us the petitioner objected to the granting of the respondent's motion, that the truth of the exception be established, on the ground that for lack of proper service the Superior Court was without jurisdiction in the cause and that we are without jurisdiction to consider the respondent's exception to the action of the Superior Court in granting the petitioner's request that his discontinuance be entered.

The respondent's exception may or may not be valid but that is a question not involved in the consideration of its truth, *i. e.*, as to whether such exception was taken. Much that the petitioner urges would be pertinent in a consideration of the validity of the exception but is beside the question as to its truth. Whether the Superior Court was without jurisdiction to act upon the petition the record before us does not disclose, but however that may be the petitioner can not at this stage of the proceedings be heard to say that the Superior Court was without jurisdiction to entertain his application and enter the order which he requested, upon the legal effect of which order he apparently now relies. For anything which appears, under the statute governing the discontinuance of actions the Superior Court did have jurisdiction to pass upon the petitioner's application that he be permitted to discontinue his petition and that such discontinuance be entered upon the record. If that be so the order of the justice constituted the final decision upon a matter within his jurisdiction. If the

respondent regarded herself as aggrieved, either by the conduct of the court at the hearing, or by the form of the order entered, and did in fact take exception thereto, then in accordance with the liberal construction which we have placed upon the statute regulating review in this court by exception we see no reason why the truth of the exception should not have been allowed in the Superior Court nor why after the Superior Court had failed so to allow the exception we should not now establish its truth, leaving the question of its validity to be passed upon after hearing on the bill.

The respondent's motion is granted, and the truth of the exception and of the transcript of evidence is established.

*Hinckley, Allen, Tillinghast & Phillips, Chauncey E. Wheeler,* for petitioner.

Respondent, *pro se ipso.*