**SPENCE et ux. v. STATE NAT. BANK OF EL PASO et al. (No. 840—4906.)\***

Commission of Appeals of Texas, Section B. May 2, 1928.

**1. Judgment ⚌504(2)—District court's appointment of receiver contrary to statute is error in exercise of jurisdiction, rendering judgment, at most, only voidable on direct attack (Rev. St. 1925, art. 2318).**

Appointment of receiver in connection with controversy properly pending before district court being within its general jurisdiction, error in appointing receiver of property on owner's petition, contrary to Rev. St. 1925, art. 2318, is not one with respect to court's jurisdiction, but rather one committed in exercise thereof, which, at most, could only render judgment voidable on direct attack.

**2. Appeal and error ⚌171(3)—Commission of Appeals should decide case on theory, acted on by lower courts, that issue was joined on cross-action, though plaintiffs took voluntary nonsuit.**

Where trial court, in directing verdict for defendant on cross-action, and Court of Civil Appeals, in affirming judgment on such verdict, acted on theory that issue was joined on cross-action, Commission of Appeals should decide case on such theory, though plaintiffs took voluntary nonsuit and are limited to rights proper to consider in answer to cross-action.

**3. Receivers ⚌57—Plaintiffs procuring appointment of receiver of their property cannot question validity thereof for want of jurisdiction (Rev. St. 1925, art. 2318).**

Plaintiffs, having invoked district court's jurisdiction to appoint receiver of their property, cannot question validity of such appointment for want of jurisdiction, under Rev. St. 1925, art. 2318, in suit to set aside judgment and receiver's sale thereunder.

**4. Estoppel ⚌63—One procuring act is estopped to question its regularity or validity.**

The regularity or even validity of an act cannot be raised by one who procured it; principle being one of estoppel, which does not validate thing complained of, but merely closes the mouth of complainant.

**5. Receivers ⚌142—Directed verdict for defendant, purchasing in good faith for value, from receiver appointed on plaintiffs' application, held proper (Rev. St. 1925, art. 2318).**

Plaintiffs procuring appointment of receiver of their property, contrary to Rev. St. 1925,

art. 2318, being in no position to question validity of receiver's deed to defendant in trespass to try title, and there being no evidence that defendant was not a purchaser in good faith for value under judgment concluding homestead and every other plea of plaintiffs, district court properly instructed verdict for defendant.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by Frank A. Spence and wife against the State National Bank of El Paso and Frank B. Hadlock, in which the latter filed a cross-action. A judgment for cross-complainant was affirmed by the Court of Civil Appeals (294 S. W. 618), and plaintiffs bring error. Affirmed.

Waters Davis, of El Paso, for plaintiffs in error.

Kemp & Nagle and Armstrong & Morrow, all of El Paso, for defendants in error.

SPEER, J. Plaintiffs in error, husband and wife, filed this suit against Frank B. Hadlock and State National Bank, the first count in the petition being in the usual form of trespass to try title to recover lots 1, 2, and 3, and the westerly 60 feet of lot 4 in block 264 of Campbell's addition to the city of El Paso, Tex., the property being a three-story brick building known as the Lucerne Apartments. In the second count of the petition the plaintiffs set up that defendant Hadlock was claiming the property in controversy under a judgment in a former suit and a sale made thereunder by a receiver appointed by the court, and which judgment and sale the plaintiffs sought to have set aside as an impediment to the recovery of their property. The plaintiffs attacked the judgment ordering the property sold upon a foreclosure upon the grounds that the property, at the time the mortgages were executed, was the business homestead of plaintiffs, that they were not represented by counsel at the trial by reason of collusion of their attorneys with plaintiff in that suit whereby their attorneys had abandoned their defense and had filed no answer, that the plaintiff Frank A. Spence was of unsound mind, and they attacked the defendant Hadlock's title upon the ground that he had notice of the matters pleaded by them, and further that the sale to him was void in that it was made by a receiver appointed by the court upon the petition of the plaintiffs themselves in violation of the statute (article 2318 [Rev. St. 1925]). The defendants answered, and Hadlock pleaded his title as a purchaser at the receiver's sale in good faith and specially sought to recover the property.

After the evidence was in, the plaintiffs took a nonsuit, but the court directed a verdict in favor of the defendant Hadlock on his cross-action and entered judgment accordingly.

Upon appeal, the Court of Civil Appeals affirmed this judgment, holding that the order of the court in appointing the receiver upon the application of the Spences was not void but voidable only, and that the undisputed facts disclosed ·by the record showed affirmatively, as a matter of law, that the property was not the business homestead of Spence at any time. 294 S. W. 618.

We are not inclined to agree with the conclusion of the Court of Civil Appeals that the undisputed facts show that the property in controversy was not the business homestead of plaintiffs in error at the times involved in this suit, but it is unnecessary for us to decide that matter since we think that court reached a correct conclusion for a different reason.

[1] The statutes provide: ·

"No receiver of a joint-stock or incorporated company, copartnership or private person shall ever be appointed on the petition of such joint-stock or incorporated company, partnership or person," etc., article 2318.

Whether such an attempted appointment would be void under different circumstances we are not called upon to decide. The district court is a court of general jurisdiction, and the appointment of a receiver in connection with a controversy properly pending before it is within that jurisdiction. If an attempted appointment contrary to the statute is made, the error is not one with respect to the jurisdiction of the court, but rather it is one committed in the exercise of its jurisdiction. See 15 C. J. "Courts," § 25. Undoubtedly having general jurisdiction over the subject-matter, a failure to observe the requirements of the statute in the particular under consideration is procedural, and at most would only render the judgment voidable upon a direct attack. But this is a direct attack upon the judgment and sale, and we would ordinarily be inclined to sustain the contention that for such error the judgment · should be reversed even as against defendant in error Hadlock, for necessarily the appointment of the receiver upon the petition of the Spences, and the sale through him under orders of the court, were a part of his title of which he had in law full notice, but we cannot recommend such judgment in the present case.

The order of the trial court recites:

"That on this the 4th day of September, 1920, came on to be heard the application of Frank A. Spence and Ouida Spence for the appointment of a receiver of all the property other than the homestead and other property, exempt by the Constitution and laws of the state of Texas, of the said defendants Frank A. Spence and Ouida Spence and situated in the county of El Paso and state of Texas,"

—in which order Thomas B. Newman was appointed receiver for such property and thereafter did, under orders of the court authorizing and approving the sale, make con-

veyance to defendant in error Hadlock for the sum of $75,000. This order was in cause No. 19048 in the same court in which this suit originated.

[2] The determination of the matter is somewhat embarrassed by the fact that the plaintiffs took a voluntary nonsuit in the trial court, and that whatever rights they now have are limited to those properly to be considered in answer to defendant in error Hadlock's cross-action. But we think the case should be decided, not for the want of pleadings by the plaintiffs below, but as though issue had been joined. This is the theory upon which the trial court and Court of Civil Appeals acted, and if, when the pleadings are so viewed, the summary instruction given by the court was erroneous, a reversal should follow.

[3] The plaintiffs in error have cited nothing from the statement of facts, and our examination of the same fails to disclose anything that would show the defendant in error Hadlock had any notice prior to his purchase of any vice that would affect his title unless it be the irregularity of the appointment of a receiver upon the Spences' petition.

[4] But this irregularity, even though it be jurisdictional, will not avail plaintiffs in error. The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction. Rodman v. Moody, 14 Ky. Law Rep. 202; Peralta v. Mariea, 3 Cal. 185; Lounsbury v. Catron, 8 Neb. 469, 1 N. W. 447; Dock v. Cauldwell, 19 Pa. Sup. Ct. 51; Whipkey v. Nicholas, 47 W. Va. 35, 34 S. E. 751; Cooney v. Bonfield, 172 Ill. App. 657; Washington Bridge Co. v. Stewart, 3 How. 413, 11 L. Ed. 658 (by analogy); Farmers', etc., Bank v. Foshee, 170 Ark. 445, 280 S. W. 380; Moran v. Miller, 198 Ind. 429, 153 N. E. 890; Budlong v. Budlong (R. I.) 139 A. 298. To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant. But the appointment was not entirely beyond the court's power; it was merely an improper exercise of jurisdiction, presenting what would ordinarily be a reversible error. It cannot be such here, upon the familiar rule of practice that one will not be allowed to take advantage of an error of the court which has been invited by him.

[5] The plaintiffs in error therefore being in no position to question the validity of the receiver's deed to defendant in error, and there being no evidence to show that he was not a purchaser in good faith for value, under a judgment concluding the homestead and every other plea of the plaintiffs (Chilson v. Reeves, 29 Tex. 281; Nichols v. Dibrell, 61 Tex. 543), the trial court properly instructed a verdict for him, and the Court of Civil Appeals correctly affirmed that judgment.

What we have said is based upon the assumption urged by plaintiffs in error that the record shows affirmatively that the receiver was appointed upon their application. This is not altogether clear from the record, but if it were true for the reasons given plaintiffs in error cannot take advantage of that fact. Of course, if the appointment was made upon the application of the bank, then the proceeding was regular. In no event therefore are the plaintiffs in error entitled in this collateral attack to avoid the receiver's deed.

We therefore report the case for affirmance of both judgments.

GREENWOOD and PIERSON, JJ. Judgments of the District Court and Court of Civil Appeals affirmed.