## BUDLONG v. BUDLONG.

Circuit Court of Appeals, Ninth Circuit.
Oct. 31, 1935.

Jessie Margaret Wilson Budlong, in pro. per.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

PER CURIAM.

Jessie Margaret Wilson Budlong petitions this court or a writ of mandate directed to the District Court of the United States for Arizona. Petitioner filed a bill based upon the claim that a decree of divorce entered by the superior court of Newport county, R. I., was void for lack of jurisdiction, and contends that the proceeding is in effect one to invoke the power of the court for declaratory judgment fixing her status as a married woman. She applied to the trial judge for an order for publication of summons which was denied and the proceedings were dismissed for lack of jurisdiction. She also petitioned the lower court for leave to appeal which was denied and has filed a petition in this court praying for the allowance of her appeal. The defendant, it is alleged, resides in Rhode Island. The lower court had no jurisdiction and properly refused to entertain proceedings. The question of the jurisdiction of the Rhode Island court was presented to and litigated before that court and the decision of the state court is conclusive upon the federal courts. American Surety Co. v. Baldwin, 287 U. S. 156, 166, 53 S. Ct. 98, 77 L. Ed. 231, 86 A. L. R. 298.[1] It is unnecessary to determine whether or not the propriety of the action of the trial judge can be determined upon a proceedings in mandamus or whether the proper method is by appeal, for it is clear that the complaint stated no cause of action cognizable in the federal court.

Leave to file petition in mandamus is denied, and petition for leave to appeal is denied.

---

[1] Budlong v. Budlong (R. I.) 147 A. 798; Budlong v. Budlong, 51 R. I. 113, 152 A. 256; Budlong v. Budlong, 48 R. I. 483, 139 A. 298.