Mary Perez **GARZA** et al., Appellants,

v.

Albert P. **PEREZ** et al., Appellees.

No. 196.

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Gerald Weatherly, Fort Worth, for appellants.

Wade & Howard, by Faires P. Wade, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

Appellants' single point of error asserts that the district court erred in overruling their (defendants') plea to its jurisdiction over the subject matter of appellees' (plaintiffs') suit.

This is a partition suit. The parties are Pedro A. Perez, surviving husband of Margarita P. Perez, deceased, and seven children of their marriage. Pedro A. Perez and three of his children, appellees here, were plaintiffs, and four other children, appellants here, were defendants in the court below. Judgment was rendered, after jury trial, adverse to appellants.

Appellants argue that the district court was without jurisdiction because administration was pending on the Estate of Margarita P. Perez, deceased, in the county court. Appellants concede that prior to the trial herein the county court entered an order closing administration on that estate, but contend that an appeal was taken therefrom, and, in any event, that such order was void on its face.

Appellees contend that: (1) the district court had exclusive jurisdiction of the subject matter of the suit; (2) that there was no administration pending upon the Estate of Margarita Perez, deceased at the time of trial because no appeal had been perfected from the order of the county court closing the estate; (3) that appellants are estopped to claim that administration was pending upon said estate and that they have consented to the jurisdiction of the district court; and (4) that appellants waived their

850

right to object to the jurisdiction of the district court.

■ We agree with appellees' contentions made under their point 2 that an appeal had not been perfected from the order of the county court closing administration upon the estate of Margarita Perez, deceased. It is also our view that the judgment of the county court closing the administration on the estate of Margarita P. Perez is not void on its face, and therefore not subject to collateral attack as is made here. However, without regard to such holdings, it appears in any event, that appellants are estopped from claiming that administration was still pending upon said estate, that appellees' Reply Point Number 3 must be sustained and the judgment affirmed.

The instant suit was filed by appellees on July 27, 1964. Appellants first filed an original answer containing a general denial and on October 15, 1964 filed an amended original answer and a cross-action. Thereafter, defendants, on January 29, 1965 filed their second amended original answer and cross-action, and on February 11, 1965 filed their third amended answer and cross-action. It was in this last-mentioned pleading that appellants, for the first time, asserted a plea to the jurisdiction of the district court based upon the pendency of the administration in the county court. Meanwhile, in prior amended pleadings, appellants had prayed for appointment of a Receiver to partition the jointly owned property, for the sale thereof, and for other relief. All parties agreed to a preliminary decree of partition of separate tracts which were jointly owned by them and to the appointment of a Receiver to sell the same at private sale. The order of the court, entered upon the agreement of all parties, also provided that after the sale the proceeds thereof should be paid into the court and be partitioned according to the respective interests of the parties, to be determined at a later hearing which would include claims for accounting of income and expenditures. That order was entered on October 26, 1964. The receiver's report of sale of one tract,

dated November 4, 1964 was approved by the court on November 9, 1964. An additional receiver's report of sale of another tract was made on December 11, 1964. The effect of such action by the parties and the court is highly material in determining whether the trial court erred in failing to sustain appellants' plea to the jurisdiction filed on February 11, 1965.

■ The district court has potential jurisdiction of suits for partition. Art. 6083, Vernon's Ann.Civ.St. Such jurisdiction was invoked herein by appellees, was not originally questioned by appellants, and the exercise of it was specifically agreed to by all parties, as hereinbefore mentioned. While it is true that jurisdiction of a court cannot be conferred by consent where it is otherwise lacking, it is also the rule that where the court has potential jurisdiction, the parties may agree to the existence of jurisdictional facts which will authorize exercise of it. In Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726 at pages 728, 729 (1941), affirming Tex.Civ.App., 132 S.W.2d 125, the court said:

"Betty Kirk et al. argue that potential jurisdiction is a matter of law, and cannot be conferred by agreement. We recognize that such is the rule. A court cannot render a valid judgment in a case where it has no potential jurisdiction; and where potential jurisdiction is actually lacking, it cannot be conferred by agreement of the parties. In spite of this, where potential jurisdiction is dependent on the existence of facts, the litigating parties to a cause can agree on the jurisdictional facts; and from such agreed facts the court can determine the question of jurisdiction. Maul v. Williams, Tex.Com.App., 69 S.W.2d 1107, opinion approved; Texas Employers' Ins. Ass'n v. Wright, Tex.Com.App., 4 S.W.2d 31; 11 Tex.Jur. p. 717, § 12. From the above rule we think that where the potential jurisdiction of a court to try a given case depends on certain facts, and both sides to the cause allege such facts

in their pleadings, they have, in legal effect, agreed to the jurisdictional facts."

Examination of the record herein reflects that prior to asserting a plea to the jurisdiction, the appellants had in effect agreed to all essential jurisdictional facts and the trial court had exercised its jurisdiction pursuant thereto. Such conduct and the affirmative action taken by appellants estops them to deny the jurisdiction of the trial court. The applicable rule is well stated in Spence v. State Nat. Bank, 5 S.W.2d 754 (Comm.App.1928), as follows:

" * * * The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction. Rodman v. Moody, 14 Ky.Law Rep. 202; Peralta v. Mariea, 3 Cal. 185; Lounsbury v. Catron, 8 Neb. 469, 1 N.W. 447; Dock v. Cauldwell, 19 Pa.Sup[er]. 51; Whipkey v. Nicholas, 47 W.Va. 35, 34 S.E. 751; Cooney v. Bonfield, 172 Ill. App. 657; Washington Bridge Co. v. Stewart, 3 How. 413, 11 L.Ed. 658 (by analogy); Farmers', etc., Bank v. Foshee, 170 Ark. 445, 280 S.W. 380; Moran v. Miller, 198 Ind. 429, 153 N.E. 890; Budlong v. Budlong, ([48] R.I. [483]) 139 A. 298. To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant. But the appointment was not entirely beyond the court's power; it was merely an improper exercise of jurisdiction, presenting what would ordinarily be a reversible error.

It cannot be such here, upon the familiar rule of practice that one will not be allowed to take advantage of an error of the court which has been invited by him."

The case of Wells v. Gray, 241 S.W.2d 183 (Tex.Civ.App.1951, writ refused) is strongly relied on by appellants and is the only case cited in their original brief. We do not consider that decision as controlling here. There the county court in an administration on the estate of E. J. Thomas, had held, upon application of Ethel Thomas Wells to have her heirship declared, that she was the adopted daughter of Thomas and his deceased wife. On appeal, the district court sustained special exceptions to Mrs. Wells' pleadings, which challenged the jurisdiction of the court, and dismissed the cause. The Court of Civil Appeals reversed the judgment of the district court and held that the matter of heirship (in that case based upon adoption under equitable estoppel) may properly be determined in the county court in administration proceedings then pending there, where the district court in an original proceeding had not acquired jurisdiction over the persons and estate. The Court of Civil Appeals summarized the rules applicable to determination of the court in which the issue of adoption, as it relates to heirship, may properly be commenced and tried. One of these rules is that when the district court originally obtains power and jurisdiction over all the parties and the subject matter, it may determine the heirs of a decedent and do all things necessary and proper to ascertain the lawful owners and effect the partition.

In the instant case it is conceded by appellants that no steps were ever taken in the county court administration proceeding to either partition or determine heirship. The record further reflects that on July 9, 1957, Pete Perez, the administrator of the estate of Margarita P. Perez, filed an application to close the estate which recited among other things, that his father, Pedro A. Perez, had contested the appointment of Pete Perez as administrator; that the administrator had not come into possession or

control of any assets of the estate and had performed no duties as administrator; that Pedro A. Perez had, in effect, acted as administrator to the extent it had been had; and that after notice, the administration should be closed and Pete Perez, and the sureties on his bond, discharged. The order of the county court, dated February 11, 1965, recited, among other things, that Pete Perez had applied to close the administration; that there was no necessity for further administration and that it was thereby closed. The record further reflects that Pedro A. Perez, the father, claimed the right to handle the estate of his deceased wife as community survivor, and such action effectively prevented administration on said estate by Pete Perez. We are of the opinion that under these facts and others hereinbefore recited, that appellants were and are estopped to assert their belated plea to the jurisdiction of the district court, and that the holdings in Wells v. Gray, supra, where that specific question was not involved, are not contrary to our holding here.

Appellants' point asserting that their plea to the jurisdiction of the district court should have been sustained is without merit.

The judgment of the trial court is affirmed.